IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.  6:26-cr-004_____ |
| | ) | |
| | ) | |
| vs. | ) | 18 U.S.C. § 1320a-7b(b)(2) |
| | ) | 18 U.S.C. § 982(a)(7) |
| **LTD HOLDING, LLC, formerly known** | ) | 28 U.S.C. § 2461(c) |
| **as LABTECH DIAGNOSTICS LLC** | ) | |
| | ) | |
| | ) | **INFORMATION** |
| | ) | |
| | ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

**BACKGROUND**

1.      Until December 13, 2021, the Defendant **LTD HOLDING, LLC, formerly**

**known as LABTECH DIAGNOSTICS LLC** (hereinafter "**LABTECH**") was a lab that operated

in Anderson, South Carolina.

2.      On or about December 13, 2021, an entity known to the United States Attorney

(hereinafter the "Purchasing Entity") purchased **LABTECH**.

3.      On or about August 31, 2021, **LABTECH** issued Peoples Bank money orders to

physician practices, known to the United States Attorney, who had relationships with **LABTECH**.

Specifically, these physician practices used **LABTECH** for laboratory services and had

agreements with **LABTECH** wherein **LABTECH** reimbursed the physician practices for rent

and/or phlebotomy services.

**The Medicare Program**

4.     The Medicare Program ("Medicare") is a federal health care program providing benefits to persons who are over the age of sixty-five and some persons under the age of sixty-five, who are blind, or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS").

5.     Medicare is a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f).

6.     Individuals who qualified for Medicare benefits were commonly referred to as "beneficiaries." Each beneficiary was given a unique Medicare identification number.

7.     Medicare covers various types of benefits. For example, Medicare benefits were separated into different program "parts." Medicare "Part B" covers medical services such as outpatient visits and laboratory testing that were medically necessary and ordered by qualified health care providers.

8.     Medicare Part B covers, among other things, items and services supplied and provided by physicians, medical clinics, laboratories, DME suppliers, and other qualified health care providers, including office visits, minor surgical procedures, DME, and laboratory testing, that were medically necessary and ordered by a licensed medical doctor or other qualified health care provider.

9.     Medicare doesn't pay for medically unreasonable and unnecessary services and supplies to diagnose and treat a patient's condition.

10.     Further, Medicare would not reimburse providers for claims that were procured through the payment of kickbacks and bribes.

2

11. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors. Health care providers were given and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations.

## COUNTS 1 through 5
### (Offering and Paying of Health Care Kickbacks)

12. The allegations contained in paragraphs 1 through 11 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

13. On or about the dates set forth below, in the District of South Carolina, and elsewhere, the Defendant **LABTECH**, did knowingly and willfully offer or pay any remuneration (including any kickbacks and bribes); to wit, money orders paid and remunerated in the amounts listed below, directly or indirectly, overtly or covertly, in cash or in kind, to a person to induce such person to refer an individual to **LABTECH** for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under Federal health care programs, that is, Medicare, and to purchase, lease, order, and arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, that is Medicare:

3

| Count | On or About Date | Money Order No. | Amount |
|-------|------------------|-----------------|--------|
| 1 | 8/31/2021 | 169725 | $7,581.30 |
| 2 | 8/31/2021 | 170871 | $7,200.00 |
| 3 | 8/31/2021 | 170872 | $6,000.00 |
| 4 | 8/31/2021 | 170875 | $16,800.00 |
| 5 | 8/31/2021 | 170878 | $12,000.00 |

All in violation of Title 42, United States Code, Sections 1320a-7b(b)(2)(A) and (B).

# FORFEITURE

FEDERAL HEALTH CARE FRAUD:

Upon conviction for felony violation of Title 42, United States Code, Sections 1320a-7b(b)(2) as charged in this Information, the Defendant, **LABTECH**, shall forfeit to the United States all of the Defendant's rights, title, and interest in and to any property, real and personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or indirectly, as a result of such violations.

PROPERTY:

Pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Information includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Information, that is, a minimum of $103,551.90 in United States currency and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violation of 42 U.S.C. § 1320a-7b(b)(2).

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to an amount equivalent to the value of the

above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States

Code, Section 2461(c).

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: /s *Emily Limehouse*
Emily E. Limehouse (Fed ID # 12300)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.: 843-727-4381
Fax: 843-727-4443
Email: Emily.Limehouse@usdoj.gov