IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No:  6:26-cr-004 |
| v. | |
| **LTD Holding, LLC, formerly known as Labtech Diagnostics LLC** | **PLEA AGREEMENT** |

### General Provisions

This Plea Agreement is made this _9th_ of December 2025, between the United States of America, as represented by United States Attorney BRYAN P. STIRLING, Assistant United States Attorney Emily Limehouse; the Defendant, **LTD Holding, LLC, formerly known as Labtech Diagnostics LLC**, a corporation organized and existing under the laws of the State of South Carolina, and Defendant's attorneys, Michael Edney and Christopher Mills.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.    The Defendant agrees to plead guilty to Counts 1 through 5 of the Information now pending, which charges a violation of the Anti-Kickback Statute, in violation of 42 U.S.C. §§ 1320a-7b(b)(2)(A) and (B).

In order to sustain its burden of proof, the Government is required to prove the following:

### Counts 1 through 5

A.    The Defendant offered or paid any renumeration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind;

B.    The payment (or offer) was made to a person to (1) induce that person to refer an individual to a person for the furnishing or arranging for the furnishing of an item or service that could be paid for, in whole or in part, by a Federal health care program or (2) to purchase, lease, order, or arrange for or recommend purchasing,

1

leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program; and

C.     The Defendant did so knowingly and willfully.

The penalty for this offense is:

Imprisonment for no more than 10 years; Fine of not more than $100,000; Supervised release for no more than 3 years.

2.     The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

     A.     Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

     B.     Restitution: The Defendant agrees to pay such restitution that is ordered under 18 U.S.C. § 3556 by the Court at the time of sentencing. The parties agree that the sole victim of the offense is the United States Government, specifically its health benefit programs and that restitution is not mandatory

under 18 U.S.C. § 3663A. The parties agree that the restitution due and owing for Defendant's offenses is $103,551.90. The parties understand that this figure is not binding on the Court, and the Defendant cannot withdraw its guilty plea should the Court not accept the restitution number.

Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  The parties agree that the appropriate amount of criminal restitution is $103,551.90. The parties further agree that the Defendant will pay this amount to the Federal Clerk of Court at or before sentencing. All agreements related to restitution are not binding upon the Court. Should the Court not accept this restitution figure, the Defendant does not have the right to withdraw its guilty plea.

4.  The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw its plea of guilty to the offense(s) enumerated herein.

5.  The Government agrees that it will not file additional criminal charges against the Defendant relating to: (1) the conduct described in the Information; or (2) any other

3

information known to the Government prior to the date of this Plea Agreement.

### **Forfeiture**

6. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are specified below, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Information, and any forfeiture Bill of Particulars.

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Information, that is, a minimum of $103,551.90 in United States currency and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violation of 42 U.S.C. § 1320a-7b(b)(2).

With regard to each and every asset listed in the Information or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States;

(ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the United States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his/her cooperation.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets, if the forfeiture remedy is not dismissed as specified in paragraph 8(B) below, will be treated, dollar for dollar, as satisfaction of the restitution amount ordered by the Court. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any other fine cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

7.    The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described

5

property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

## Merger and Other Provisions

8.     The Defendant and the Government stipulate and agree to the following for purposes this Agreement:

A.     The Government agrees that it will not argue for a greater amount of restitution other than the $103,551.90 agreed to between the parties and, as sole victim of the conduct stated in the Information, waives its right to restitution beyond that amount.

B.     The Government further agrees to dismiss all forfeiture allegations against the Defendant as soon as the restitution payment has been deposited into the Clerk of Court.

C.     In light of Defendant's agreement to pay restitution, the Government agrees that it will not argue for a fine pursuant to 18 U.S.C. §§ 3571 and 3572 and will recommend that no fine be imposed.

The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his/her plea should these stipulations not be accepted.

9.     The Defendant represents to the court that it has met with its attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with its attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the

Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2),

contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction in this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement (save for the letter of undersigned Government counsel dated contemporaneous with this Agreement), are null and void.

13.    The Defendant agrees that this Plea Agreement will be executed by an authorized corporate representative. Defendant further agrees that a Resolution duly adopted by the Defendant's Board of Directors, attached to this Plea Agreement as Exhibit 1, represents that the signatures on this Agreement by Defendant and its counsel are authorized by Defendant's Board of Directors.

[SIGNATURE BLOCKS ON FOLLOWING PAGE]

12/12/2025

Date

Charles William Hinnant, Jr.
General Counsel of Defendant LTD Holding, LLC,
formerly known as Labtech Diagnostics LLC

Date

Michael Edney, Esquire
Defense Attorney

12/17/25

Date

Christopher Mills, Esquire
Defense Attorney

BRYAN P. STIRLING
UNITED STATES ATTORNEY

Date

Emily E. Limehouse (Fed ID # 12300)
Assistant United States Attorney

9